# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TIM MARTIN, | ) Case No.: 1:18-cv-01093-JLT (HC) |
| Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) |
| WARDEN, USP ATWATER, | ) FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) |

Petitioner is in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. He filed the instant federal petition on July 16, 2018, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. Because Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), the Court will recommend the petition be DISMISSED for lack of jurisdiction.

## BACKGROUND[1]

A Florida jury found Petitioner guilty of being a felon in possession of a firearm (Count 1) and being a felon in possession of ammunition (Count 2). As a result, on January 3, 2007, Petitioner was sentenced in the United States District Court for the Middle District of Florida to two concurrent terms

---

[1] This information is derived from the petition for writ of habeas corpus. (Doc. 1.)

1

of 235 months. Three prior convictions were used to enhance his sentences on Counts 1 and 2 from a statutory maximum sentence of 10 years to a statutory mandatory minimum sentence of 15 years. Petitioner appealed to the Eleventh Circuit Court of Appeals, and judgment was affirmed on September 20, 2007.

Petitioner thereafter sought post-conviction collateral relief. He first filed a motion pursuant to 28 U.S.C. § 2255 on February 9, 2009, in the United States District Court for the Middle District of Florida raising twelve grounds for relief. The motion was denied on August 20, 2010. He filed a second § 2255 motion which was denied as successive on September 23, 2015, without prejudice to give him a chance to seek authorization from the Eleventh Circuit Court of Appeals. The Eleventh Circuit denied permission to file a successive § 2255 motion on June 14, 2016 by finding that at least three of his prior convictions qualified as Armed Career Criminal Act (ACCA)-predicate offenses under the elements clause and that Johnson v. United States, 576 U.S. __, 135 S.Ct. 2551 (2015), and Welch v. United States, 587 U.S. __, 136 S.Ct. 1257 (2016) did not provide him any relief. See In re Martin, No. 16-12503-J, manuscript op. at 4-5 (11th Cir. June 14, 2016).[2] He filed a third § 2255 motion which was denied on July 22, 2016. He also sought authorization from the Eleventh Circuit to file a third § 2255 motion based on Johnson and Welch, but the Eleventh Circuit rejected the challenge as barred by statute and the law-of-the-case doctrine. See In re Martin, No. 16-13714-J, manuscript op. 2-3 (11th Cir. July 19, 2016).

Petitioner now brings this § 2241 habeas petition challenging his conviction and sentence. He claims that his three prior felonies do not qualify to give rise to the ACCA sentence enhancement. He claims that in Mathis v. United States, __ U.S. __, 136 S.Ct. 2243 (2016), the Supreme Court broke new ground by holding that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. Petitioner acknowledges that defendants convicted in federal court are obliged to seek collateral relief from their convictions and sentences through Section

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

2

2255; however, he claims he is barred from doing so as it would be denied as successive. He claims he should be allowed to proceed under § 2241 via the "savings clause" or "escape hatch" in § 2255(e).

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as a "savings clause" or "escape hatch." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make §

2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Middle District of Florida, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence.

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. In this case, Petitioner is challenging his career offender classification under the Sentencing Guidelines. The Ninth Circuit has held that "the purely legal argument that a petitioner

4

was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero, 682 F.3d at 1193. In Marrero, the Ninth Circuit reasoned that such a claim was "purely a legal claim that has nothing to do with factual innocence." Id. The Ninth Circuit also noted that its "sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id. Marrero thus appears to foreclose Petitioner's claim of actual innocence for purposes of his ability to bring a § 2241 petition.

However, the Ninth Circuit did note the possibility that a habeas petitioner "may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." Id. at 1194-95 (citing Gibbs v. United States, 655 F.3d 473, 479 (6th Cir. 2011), and Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011)). The Ninth Circuit recognized that some circuits have found exceptions to the general rule so as to suggest that a "petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation." Id. at 1195; see, e.g., Sutton v. Quintana, 2017 WL 4677548, at *2 (6th Cir. 2017) (permitting petitioner to proceed under the escape hatch with a Mathis claim because his sentence exceeded the statutory maximum absent an apparently erroneous enhancement under the Armed Career Criminal Act, making his sentence the result of a "fundamental defect") (citing Hill v. Masters, 836 F.3d 591, 597 (6th Cir. 2016)). Regardless of whether it is possible that a habeas petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible, it is clear Petitioner fails to make such a showing since Mathis is inapplicable in his case.

The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm and who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

5

18 U.S.C. § 924(e)(2)(B).

Thus, pursuant to § 924(e), any crime punishable by more than a year in prison is a violent felony if it falls within one of three categories. First, under what is sometimes referred to as the "elements clause," a violent felony includes any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The second category includes the "enumerated crimes" of "burglary, arson, or extortion," and those "involv[ing] [the] use of explosives." § 924(e)(2)(B)(ii). Finally, under what is commonly known as the "residual clause," a violent felony includes those crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." Id.

In Mathis, the Supreme Court considered the second category of predicate offenses, specifically the enumerated offenses of burglary, arson, extortion, or those involving the use of explosives. Mathis, 136 S.Ct. at 2248. The Supreme Court held that a prior conviction does not qualify as a predicate offense for purposes of the ACCA if an element of the crime of conviction is broader than an element of the generic offense of one of the enumerated offenses, when the crime of conviction sets forth various alternative factual means of satisfying a single element. Id. at 2257.

In this case, Petitioner's three predicate offenses consisted of two separate Florida convictions for aggravated battery with a deadly weapon and one Florida conviction for accessory to armed robbery. In re Martin, No. 16-12503-J, manuscript op. at 4-5 (11th Cir. June 14, 2016). None of the predicate offenses were for the enumerated offenses of burglary, arson, extortion, or use of explosives. The Eleventh Circuit Court of Appeals noted that the Florida offenses of aggravated battery, when involving a deadly weapon or great bodily harm, qualified under the elements clause of the ACCA. Id. (citing Turner v. Warden Coleman FCI, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds as recognized in* United States v. Hill, 799 F.3d 1318 (11th Cir. 2015), and In re Robinson, manuscript op. at 3 (concluding post-Johnson that a Florida aggravated battery conviction is a violent felony under the elements clause)). The Eleventh Circuit further noted that Petitioner's predicate offense of accessory to armed robbery also qualified under the elements clause. In re Martin, No. 16-12503-J, manuscript op. at 5. Under Florida law, principals and accessories are equally responsible for the entire transaction, making them all principals in the first degree. Id. (citing Potts v. State, 430

So.2d 900, 903 (Fla. 1982)). Thus, Petitioner conviction for accessory to armed robbery is considered equivalent to armed robbery, which the Eleventh Circuit has recognized as "undeniably a conviction for a violent felony" under the ACCA's elements clause. Id. (citing United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006)). Since Petitioner's predicate offenses qualified under the elements clause, not the enumerated offenses clause, Mathis is inapplicable and his claims of actual innocence for wrongful classification under the ACCA are meritless. The Court need not discern whether Petitioner had an unobstructed procedural shot at presenting his claims, since he has failed to make a showing of actual innocence and thus failed to demonstrate that his remedy by way of § 2255 is inadequate or ineffective.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

**ORDER**

The Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   <u>**August 23, 2018**</u>                  <u>**/s/ Jennifer L. Thurston**</u>
                                                                  UNITED STATES MAGISTRATE JUDGE